**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| KEVIN ICKE, | ) CASE NO:  1:08-cv-02181 |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) MAGISTRATE JUDGE |
| | ) NANCY A. VECCHIARELLI |
| ADVANSTAR COMMUNICATIONS INC., | ) |
| Defendant. | ) REPORT AND RECOMMENDATION |

On November 6, 2008, Defendant United of Omaha Life Insurance Company ("United of Omaha") filed a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 8.)   Plaintiff Kevin Icke ("Plaintiff") filed a brief in opposition to the motion on November 20, 2008.  (Doc. 10.)  Thereafter, United of Omaha filed a reply.  (Doc. 13.)   Pursuant to a March 10, 2009 order, Judge Boyko referred this matter to the undersigned Magistrate Judge for a Report and Recommendation.

For the reasons set forth below, the Magistrate Judge recommends that United of Omaha's motion to dismiss be GRANTED and that all claims against United of Omaha be dismissed.

## I.  FACTS

According to the Complaint, Defendant Advanstar Communications, Inc. ("Advanstar") hired Plaintiff in 1988.  (Complaint ¶ 4.)  Plaintiff worked in physical plant maintenance and performed business management duties.  (*Id.*)

While employed at Advanstar, Plaintiff was an eligible participant in a disability insurance plan administered by United of Omaha.  (Complaint ¶ 4.)

In April 2007, Plaintiff suffered a shoulder injury.  Plaintiff underwent shoulder surgery in June 2007.  (Complaint ¶ 7.)  Plaintiff took FMLA leave during this time and received short term disability benefits.  (*Id.*)

In September 2007, Plaintiff's manager told Plaintiff to return to work in a light duty capacity.  (Complaint ¶ 10.)  After returning to work, Plaintiff told Advanstar that he needed to return to short term disability status because his injury was not fully healed. (*Id.*)

In October 2007, Plaintiff's manager advised Plaintiff that he was eligible for long term disability benefits beginning on December 26, 2007.  (Complaint ¶ 11.)  At this time, the manager also told Plaintiff that Advanstar was eliminating his job due to downsizing. (*Id.*)  The manager requested that Plaintiff sign a waiver in exchange for a severance package. (*Id.*)  Plaintiff refused to sign the waiver.  (Complaint ¶ 12.)  Subsequently, Advanstar terminated Plaintiff's employment.  (*Id.*)

After Plaintiff's termination, Advanstar replaced Plaintiff with a 24 year-old employee.  (Complaint ¶ 14.)  However, Advanstar terminated that employee the same day that he was hired.  (*Id.*)

On September 11, 2008, Plaintiff initiated the instant action against Advanstar and United of Omaha.  (Doc. 1.)   In the complaint, Plaintiff alleges that United of Omaha is jointly and severally liable with Advanstar for violations of ERISA §§ 502 and 510.[1]

---

[1] Plaintiff also alleges age discrimination and breach of contract claims against Advanstar only.

United of Omaha now moves to dismiss both claims against it.

## II.  STANDARD OF REVIEW

Defendant United of Omaha moves to dismiss all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

A court shall grant a Rule 12(b)(6) motion "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Downie v. City of Middleburg Heights*, 301 F.3d 688, 693 (6th Cir. 2002).   The court must construe the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded allegations as true.  *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).  Claims survive a Rule 12(b)(6) motion only where the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."[2]  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

---

[2]In *Twombly*, the Supreme Court altered the long-standing standard for surviving a 12(b)(6) motion under *Conley v. Gibson*, 355 U.S. 41 (1957).  *Conley* held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  The Sixth Circuit has noted "[s]ignificant 'uncertainty as to the intended scope of the [*Twombley*] decision' persists, however, particularly regarding its reach beyond the antitrust context." *Weisbarth v. Geauga Park District et al.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 2007 WL 1717803, at *11 (2d Cir. 2007) (applying the plausibility standard in the context of a motion to dismiss § 1983 claims based on qualified immunity)).  However, the disposition of this case does not depend on the nuances of *Twombly* because Plaintiff's claims against United of Omaha do stand under either *Twombly* or *Conley*.

### III.  Analysis

**A.    Section 502**

United of Omaha asserts that Plaintiff fails to state a claim pursuant to ERISA § 502, codified as 29 U.S.C. § 1132.

Plaintiff claims he is attempting enforce his rights under § 502(a)(1)(B). (Opposition at 5.)  This section permits a participant or beneficiary to bring a civil action (1) "to recover benefits due to him under the terms of his plan," (2) "to enforce his rights under the terms of the plan," or (3) "to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

Plaintiff also appears to be asserting a claim for a breach of § 405 fiduciary duties under § 502(a)(3). ( Opposition at 3-4.) Section 502(a)(3) is a "catch-all"provision that empowers a participant to: " (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).  A participant may seek equitable relief for violations of ERISA § 405, 29 U.S.C. § 1105, under this provision. *See Varity Corp.*, 516 U.S. 489 (1996). Section 405 provides that: [A] fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility    of another fiduciary with respect to the same plan in the following circumstances:

> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
>
> (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or

>    (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105. In his brief in opposition, Plaintiff asserts that United of Omaha is liable for Advanstar's actions under this section.

United of Omaha argues that the Court should dismiss the Section 502 claims because Plaintiff failed to plead that he exhausted administrative remedies. It is well established in the Sixth Circuit that although ERISA itself does not contain an exhaustion requirement, " '[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit.' " *Weiner v. Klais & Co.*, 108 F.3d 86, 90 (6th Cir.1997), quoting *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir.1991) The Sixth Circuit has plainly held that courts shall dismiss a claim under § 502(a)(1)(B) if the plaintiff fails to plead that he exhausted his administrative remedies in the complaint. *See id.* Plaintiff does not assert in either his complaint or his brief in opposition that he exhausted administrative remedies.[3] Thus, the Court should dismiss Plaintiff's § 502(a)(1)(B) claim.

While clearly a plaintiff must exhaust administrative remedies before initiating a claim brought pursuant to § 502(a)(1)(B), the same is not true for fiduciary-duty claims. The Sixth Circuit has "not yet decided whether a beneficiary must exhaust

---

[3]A failure to exhaust administrative remedies may be excused if resorting to the plan's administrative procedure would be futile. *See Fallick v. Nationwide Mut. Ins. Co.* 162 F.3d 410, 419 (6th Cir. 1998). "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made. A plaintiff must show that 'it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.'" *Id.* In the instant case, Plaintiff fails to assert any such argument.

administrative remedies prior to bringing claims based on statutory rights, such as . . .[§ 405] fiduciary-duty claims." *See Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 717 (6th Cir. 2005) (citing *Fallick*, 162 F.2d at 418-19).  Therefore, Plaintiff's failure to exhaust is an insufficient basis upon which to dismiss Plaintiff's fiduciary duty claim.

Plaintiff's fiduciary duty claim, however, is subject to dismissal for other reasons. Under Section 405, a fiduciary is liable for a co-fiduciary's breach where he (1) knowingly participates or conceals an act or omission of another fiduciary, knowing such act or omission is a breach; (2) fails to comply with ERISA in a manner that enables another fiduciary to commit a breach; or (3) knows of a breach and does not make reasonable efforts to remedy the breach.  29 U.S.C. § 1105(a).  This section does not impose vicarious liability, but rather requires actual knowledge by the co-fiduciary. *AEP ERISA Litigation*, 327 F.Supp.2d 812, 828 (S.D. Ohio 2004); *see also Donovan v. Cunningham*, 716 F.2d 1455, 1475 (5th Cir. 1983).

In the instant action, Plaintiff's only allegations regarding United of Omaha in the complaint are that United of Omaha administered the benefits plan, that it is in privity of contract with Advanstar, and then concludes, that it is jointly and severally liable with Advanstar to pay benefits.[4]  Plaintiff does not allege any knowledge on the part of

---

[4]The only allegations in the complaint referencing United of Omaha are:

> Defendant UNITED OF OMAHA . . .is also an ERISA administrator for ADVANSTAR that is responsible for the payment of disability insurance claims on behalf of ADVANSTAR employees.

> The ulterior motive behind the Plaintiff's termination was an intent to save money by removing the Plaintiff from eligibility from receiving long term

United of Omaha of Advanstar's alleged breach nor any other act or omission indicating that United of Omaha is liable under § 405 for Advanstar's alleged ERISA violations. Plaintiff fails to allege any facts that would demonstrate that United of Omaha is liable under §502(a)(3) for a violation of § 405. Therefore, the Court should dismiss Plaintiff's Section 502 claims against United of Omaha.

**B.     Section 510**

United of Omaha also seeks to dismiss Plaintiff's ERISA Section 510 claim against it. Section 510, codified as 29 U.S.C. § 1140, provides:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any rights to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan. . . .

This provision operates " . . . primarily to protect the employment relationship that gives rise to an individual's pension rights." *West v. Butler*, 621 F.2d 240, 245 (6th Cir. 1980). If no employee-employer relationship exists between a plaintiff and a defendant, the plaintiff has no claim against defendant under § 510. *See Byrd v. MacPapers, Inc.*, 961 F.2d 157, 161 (11th Cir. 1992); *Battoni v. IBEW Union No. 102 Employee Pension*

---

> disability insurance plan benefits, said plan administered by ADVANSTAR and OMAHA . . . .
>
> As a direct, proximate and foreseeable consequence of the Defendant ADVANSTAR's conduct combined with Defendant OMAHA being jointly and separately liable to pay the Plaintiff LTD benefits because of ADVANSTAR's misfeasance and its privity of contract with ADVANSTAR and its ERISA duties; the Plaintiff was damaged . . . .

(Complaint ¶¶ 4, 6, and 17.)

*Plan*, 569 F.Supp. 2d 480, 494 (D.N.J. 2008); *Girard v. International Business Machines*, 2006 WL 695760, *9 (E.D. Mich. 2006).

In the instant action, no employment relationship exists between Plaintiff and United of Omaha. Moreover, Plaintiff does not allege that United of Omaha discharged, fined, suspended, expelled, disciplined, or discriminated against Plaintiff. As such, Plaintiff's § 510 claim against United of Omaha should not lie.

In addition, Plaintiff failed to allege exhaustion of administrative remedies with regard to his § 510 claim. As with § 502(a)(1)(B) claims, a plaintiff must fully exhaust the administrative process prior to initiating a § 510 claim. *See Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004). Plaintiff has not alleged exhaustion of his § 510 claim in either his complaint or brief in opposition. Due to this failure, this claim should be dismissed.

## IV. CONCLUSION

For the reasons set forth above, the Magistrate Judge recommends that Defendant United of Omaha's motion to dismiss be granted and all claims against United of Omaha be dismissed.

                                       s/ *Nancy A. Vecchiarelli*
                                       NANCY A. VECCHIARELLI
                                       U.S. MAGISTRATE JUDGE

Date: March 26, 2009

### OBJECTIONS
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985)*, reh'g denied*, 474 U.S. 1111 (1986).**